**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RICHARD LONG,

     Defendant-Appellant.

No. 07-8064
(D.C. No. 07-CR-23-CAB)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.


Defendant-appellant Richard Long pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). He now appeals his 135-month sentence. The only issue in dispute before the district court, and the only issue raised on appeal, is the quantity of drugs attributable to Mr. Long.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

A federal grand jury in Wyoming returned a two-count indictment against Mr. Long. Count I charged him with conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). Count II charged him with being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2). Mr. Long agreed to plead guilty to Count I and accept a two-point increase to his offense level for possessing a firearm in connection with the conspiracy. In exchange, the government agreed to dismiss Count II and recommend a three-point reduction for acceptance of responsibility. The parties were unable to agree on the amount of methamphetamine involved in the conspiracy.

The district court held an evidentiary hearing to determine the amount of methamphetamine attributable to Mr. Long in order to determine his base offense level under the Guidelines. U.S.S.G. § 2D1.1(c). Paul Claflin, an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives; Daryl Sloan, a co-conspirator, and Mr. Long testified at the hearing. At the close of the hearing, the district court noted that "the most reliable testimony that I've heard is that of [Agent] Claflin's," and it then concluded that Mr. Long was responsible for a total of 23 ounces, or approximately 652 grams, of methamphetamine. R. Vol. VI, Tr. at 65. The district court calculated the

relevant Guidelines range as 135 to 168 months' imprisonment. Mr. Long was sentenced to 135 months. This appeal followed.

On appeal, Mr. Long raised an issue with respect to Mr. Sloan's credibility and the reliability of Mr. Sloan's testimony at the hearing. We could not determine from the record how the district court viewed Mr. Sloan's credibility. Because of this, we directed a limited remand to the district court to make supplemental findings on this issue. On February 23, 2009, the district court filed supplemental findings, which were certified to this court as a supplemental record. On February 26, we entered an order giving the parties an opportunity to file supplemental briefs to address the district court's supplemental findings. Neither party filed a supplemental brief.

## II.

Testimony at the Evidentiary Hearing

Agent Claflin testified at the hearing about his investigation of Mr. Long. Agent Claflin's testimony was based upon two interviews with Mr. Long and upon information obtained from Mr. Sloan, who had traveled with Mr. Long to California to purchase methamphetamine from Mr. Sloan's nephew. According to information provided by Mr. Sloan, he and Mr. Long had traveled to California on four occasions in the summer of 2005 to purchase methamphetamine. Agent Claflin testified that on the first trip, Mr. Long told him that he and Mr. Sloan purchased seven ounces. On the second trip, Mr. Long told Agent Claflin that they purchased another seven ounces; Mr. Sloan said that they purchased six ounces on this trip. Mr. Long did not give any

information about a drug purchase on the third trip; according to Mr. Sloan, they purchased five ounces. On the fourth trip, Mr. Sloan said they purchased four ounces. After each trip, Mr. Long and Mr. Sloan returned to Wyoming and resold the drugs. The only other evidence testified to by Agent Claflin was a motel receipt from California in Mr. Sloan's name from the alleged fourth trip in September 2005.

The government also called Mr. Sloan as a witness. He testified to essentially the same information as he had previously provided to Agent Claflin, except that his amounts were off by one ounce for each trip (eight ounces for the first trip, seven for the second trip, five or six for the third and five for the fourth). On cross-examination, Mr. Sloan was asked about a statement that he gave to law enforcement agents when his residence was searched in March 2006. In that statement, Mr. Sloan said that he and Mr. Long made three, not four trips to California, and that on each trip they obtained four ounces. Mr. Sloan claimed that he did not remember giving this statement and that he was under the influence at the time it was made.

Mr. Long testified on his own behalf. He claimed he had made three trips to California with Mr. Sloan. He admitted that, on the first of these trips, he purchased seven ounces of methamphetamine, which he then resold in Wyoming. But he claimed that, on the other two trips, he merely accompanied Mr. Sloan and did not purchase any drugs. Mr. Long denied ever making a fourth trip.

<u>Supplemental Findings</u>

The district court found that Mr. Sloan's testimony was credible and that the information to which he testified was reliable. Specifically, the district court found that Mr. Sloan credibly testified that he and Mr. Long bought eight ounces of methamphetamine on the first trip, seven ounces on the second trip, five or six ounces on the third trip, and five ounces on the fourth trip. Because Mr. Long admitted to purchasing seven ounces on the first trip, the district court found that seven ounces (198.45 grams) was the amount purchased on the first trip. The district court found that Mr. Sloan and Mr. Long purchased seven ounces (198.45 grams) on the second trip. The district court found that Mr. Long's testimony at the hearing that he was only aware that Mr. Sloan had purchased methamphetamine on the first trip was not credible. The district court found that Mr. Sloan and Mr. Long purchased five ounces (141.75 grams) on the third trip and four ounces (113.40 grams) on the fourth trip.

The court found further that the cross-examination of Mr. Sloan was effective in pointing out that Mr. Sloan had given a statement during the search of his residence in March 2006 that he purchased four ounces of methamphetamine in California on three different occasions. The court found, however, that Mr. Sloan's testimony at the hearing was credible and that at the time of the March 2006 statement he was minimizing his illegal behavior. Finally, the court reviewed the testimony of Agent Claflin. The court indicated that it was not relying solely on the testimony of Agent Claflin but that it found his testimony well-informed and credible.

The district court concluded by finding "that the credible testimony of Mr. Sloan and Agent Claflin, along with [Mr. Long's] own admissions, proved that [Mr. Long] purchased at least 652.05 grams of methamphetamine." Supp. R. at 4.

Analysis

"Factual findings regarding drug quantities are reviewed for clear error and are reversed only if the district court's finding was without factual support in the record or we are left with the definite and firm conviction that a mistake has been made." *United States v. Dalton*, 409 F.3d 1247, 1251 (10th Cir. 2005) (quotation omitted).

In his opening brief on appeal, which was filed before the district court's supplemental findings, Mr. Long appears to argue that the district court implicitly found the testimony of Mr. Sloan not credible. Mr. Long argues that the district court erred in its drug quantity determination when it relied on the testimony of Agent Claflin because the testimony of Agent Claflin was based on information provided to him by Mr. Sloan. Mr. Long contends if the district court thought the information was not reliable when Mr. Sloan testified to it then that same information should not be considered reliable when Agent Claflin testified to it. In response, the government argues that "the district judge in no way found [Mr.] Sloan's . . . testimony anything but credible." Aplee. Br. at 13. As we noted earlier, we could not discern from the original record whether the district court found Mr. Sloan credible or not credible. The district court's supplemental findings resolve this issue because the district court found that Mr. Sloan's testimony at the hearing was credible. Mr. Long had the opportunity to address those findings in a

supplemental brief, but he failed to do so. Accordingly, we conclude that the factual record supports the district court's finding that Mr. Long was responsible for 652 grams of methamphetamine.

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge